PER CURIAM.
The Villafanas, husband and wife, non-physicians, formed a corporation named “On Call Medical Services” which advertised that it provided 24 hour medical care in hotel rooms. The corporation legally conducted its business in Miami by operating through a licensed physician. However, when it expanded its operation into the Orlando area, it employed Patel, trained in medicine in India but not licensed to practice in Florida.
An English tourist became ill during her visit to the Orlando area and On Call was contacted. Patel made a cursory examination of the young girl. He failed to diagnose that she suffered from diabetic ketoacidosis. The young girl died the following day.
The Villafanas were both convicted of the third degree felony of practicing medicine without a license. They were also convicted of manslaughter by aiding and abetting Patel. They appeal both convictions; we affirm the conviction for practicing medicine without a license but reverse the manslaughter conviction.
It is sufficient to say that there was substantial evidence in the record to support the conviction for practicing medicine without a license. We agree that the pharmacist’s testimony was admissible concerning the call made by Mrs. Villafana in which she improperly used the Drug Enforcement Agency number of the doctor formerly employed by On Call in order to obtain medication.
Manslaughter is defined by section 782.07, Florida Statutes, in so far as the facts of this case are concerned, as “the killing of a human being by the ... culpable negligence of another ... when such killing shall not be murder ...” Culpable negligence is defined in the Jury Instructions as:
[M]ore than a failure to use ordinary care for others. In order for negligence to be culpable, it must be gross and flagrant. *261 Culpable negligence is a course of conduct showing reckless disregard of human life, or for the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
We agree that it was negligent not to employ a physician licensed by the State to perform medical services in Florida. But we are reluctant to say that one who employs another who has graduated from a foreign medical school and who has practiced medicine in such foreign country, may be guilty of manslaughter because of the other’s malpractice merely because he had not yet completed the requirements for licensure in this country. Experience has taught us that license alone, whether it be in law or medicine, does not prevent malpractice.
Even though the Villafanas made it possible for Patel to come into contact with the patient by illegally practicing medicine without a license, they did not aid or abet his misdiagnosis of her.
AFFIRMED in part; REVERSED in part and REMANDED.
W. SHARP, HARRIS and ANTOON, JJ., concur.